JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK **13 CIV 7093**
-------------------------------------------------------------------X

BANKERS STANDARD INSURANCE COMPANY
as subrogee of JANICE GERMANO,

                   Plaintiff,

          - against --

MAQUETTE FINE ART SERVICES, INC., and
SOUTH PASS TRANSART, LTD.,

                   Defendants.
-------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

Plaintiff, BANKERS STANDARD INSURANCE COMPANY as subrogee of JANICE GERMANO, by and through its attorneys, Cozen O'Connor, complaining of Defendants, alleges upon information and belief:

## THE PARTIES

1.     Plaintiff, Bankers Standard Insurance Company as subrogee of Janice Germano (hereinafter "Bankers Standard" or "Plaintiff"), is a foreign corporation duly organized and existing under the laws of the State of Pennsylvania, having its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106, and is and was at all times material hereto duly authorized to issue policies of insurance in the State of New York.

2.     Defendant Maquette Fine Art Services, Inc. (hereinafter "Maquette" or "Defendant") is a domestic corporation, duly organized and existing under the laws of the State of New York, having a principal place of business located at 288 West Street, New York, New York 10013.

3.     Defendant South Pass Transart, Ltd. (hereinafter "South Pass" or "Defendant") was and is a domestic corporation, duly organized and existing under the laws of the State of New York, and had a principal place of business located at 288 West Street, New York, New York 10013.

4.     At all times material hereto, Maquette and South Pass were and are in the business of handling, packaging, shipping, crating, transporting, warehousing and/or storing specialized items and/or fine arts.

## JURISDICTION AND VENUE

5.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of the action.

6.     Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## FACTS

7.     At all times material hereto, Janice Germano (hereinafter "Germano" or "Plaintiff's subrogor") is and was a citizen of the State of New York.

8.     At all times material hereto, Germano owned several original paintings by various artists (hereinafter "Subject Paintings").

9.      Germano entered into an agreement (hereinafter "Agreement") with Defendant South Pass regarding the handling, packaging, shipping, crating, transporting, warehousing and/or storage of the Subject Paintings.

10.     Pursuant to the Agreement, South Pass agreed to handle, crate, pack, ship, transport, warehouse and/or store the Subject Paintings in exchange for fees to be paid by Germano.

11.     Pursuant to the Agreement, South Pass packed and/or crated the Subject Paintings and transported them to their various storage facilities, before finally placing the Subject Paintings at its warehouse at 288 West Street, New York, New York (hereinafter "Subject Warehouse").

12.     Pursuant to the Agreement, South Pass warehoused and/or stored the Subject Paintings at the Subject Warehouse until 2012.

13.     At the time South Pass took possession, custody and control of the Subject Paintings, they were in excellent condition and did not have any visible damage.

14.     In 2012, South Pass ceased doing business and through merger, acquisition, and/or other means of succession, Maquette assumed its rights and obligations and obtained possession of the Subject Paintings.

15.     During the time period when the Subject Paintings were in Defendants' possession custody and control, Germano paid all of the fees billed by Defendants related to the handling, packaging, shipping, crating, transporting, warehousing and/or storage of the Subject Paintings.

16.     At all times material hereto, the Plaintiff's subject policy covered the Subject Paintings from damage and/or loss, including cracking and other damage sustained while the Subject Paintings were being handled, crated, packed, shipped, transported, warehoused and/or stored.

17.     During Hurricane Sandy, the Defendants' warehouse was flooded and some of the Subject Paintings were damaged by water.

18.     After the subject damage was discovered, the Subject Paintings were transported to The Art Haven Group for inspection for potential restoration and/or repair work related to the subject damage and earlier damage.

19.     After the restoration and repair work was complete, certain paintings were deemed a total loss.

20.     As a direct and proximate result of the subject damage, the insured submitted a claim for damage to the Subject Paintings in an amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00).

21.     Pursuant to the terms and conditions of the respective insurance policy, Bankers Standard reimbursed Germano a total amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00).

22.     By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Bankers Standard became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendants in this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS

## NEGLIGENCE

23.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs One "1" through Twenty "22", above, as if fully set forth herein.

24.    The subject damage referred to in the aforementioned paragraphs was directly and proximately caused by the recklessness, carelessness, and/or negligent acts and/or omissions of Defendants and/or their representatives, agents, servants, employees, contractors and/or subcontractors, without any negligence on the part of Plaintiff or Plaintiff's subrogor, including inter alia:

(a)    failing to properly crate and/or pack the Subject Paintings so as to protect the Subject Paintings from sustaining damage;

(b)    failing to properly ship and/or transport the Subject Paintings to and/or from Defendant's warehouse facility;

(c)    failing to take sufficient precautionary measures in order to exercise reasonable care and custody for the safety and protection of the Subject Paintings at the premises;

(d)    failing to comply with local rules, regulations and ordinances and the statutes of the State of New York;

(e)    failing to employ proper and safe storage of the Subject Paintings;

(f)    failing to take adequate precautions against damage being caused to the Subject Paintings;

(g)    otherwise failing to exercise reasonable due care under the circumstances.

25.    As a direct and proximate cause of the aforesaid carelessness, recklessness, negligent acts and/or omissions of Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees, the Subject Paintings sustained the damages described in the preceding paragraphs.

26.    As a direct and proximate result of the subject damage, the fair market value of the Subject Paintings were damaged in an amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00).

27.    Germano subsequently submitted a claim to Bankers Standard seeking reimbursement for the damage and loss in value sustained by the Subject Paintings.

28.    Pursuant to the terms and conditions of the respective insurance policy, Bankers Standard reimbursed Germano a total amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00).

29.    By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Bankers Standard became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendants in this action.

**WHEREFORE**, Plaintiff, BANKERS STANDARD INSURANCE COMPANY as subrogee of JANICE GERMANO demands judgment against Defendants in the amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00), together with interest, the costs of this suit together with such other and further relief as this Court deems appropriate.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS

## BREACH OF BAILMENT

30.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs One "1" through Twenty-Seven "29" as if fully set forth herein.

31.     The Agreement between Germano and Defendants constituted a bailment agreement, which transferred possession, custody and control of the Subject Paintings to Defendants for the purpose of handling, crating, packing, transporting, shipping, storing and/or warehousing of the Subject Paintings at the Subject Warehouse.

32.     Pursuant to the bailment Agreements, Defendants acted as bailees when they handled, crated, packed, transported and/or shipped the Subject Paintings.

33.     Pursuant to the bailment Agreements, Defendants acted as bailees when they stored and/or warehoused the Subject Paintings at the Subject Warehouse.

34.     At the time Defendants took possession, custody and control of the Subject Paintings, they were in excellent condition and did not have any cracks and/or visible damage.

35.     Pursuant to the bailment Agreements, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees had a duty to exercise reasonable care in the handling, crating, packing, transportation, shipment, storage and/or warehousing of the Subject Paintings.

36.     Pursuant to the bailment Agreements, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees had a duty to exercise reasonable

care in safely keeping, storing warehousing and/or returning the Subject Paintings in the same condition as when it was entrusted to Defendants.

37.    Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees failed to exercise reasonable care in the handling, crating, packing, transportation, shipment, storage and/or warehousing of the Subject Paintings, whose failure directly and proximately caused the Subject Paintings to sustain the damage described above.

38.    As a direct and proximate result of Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees failure to exercise reasonable care in the handling, crating, packing, transportation, shipment, storage and/or warehousing of the Subject Paintings, Defendants breached their bailment Agreement with Plaintiff's insured.

39.    As a direct result of the aforementioned breach of bailment, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees, the Subject Paintings sustained the damages described in the preceding paragraphs.

40.    As a direct and proximate result of the subject damage, the insured submitted a claim for damage to the Subject Paintings in an amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00).

41.    Pursuant to the terms and conditions of the respective insurance policy, Bankers Standard reimbursed Germano in an amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00).

42.    By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Bankers Standard became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendants in this action.

**WHEREFORE**, Plaintiff, BANKERS STANDARD INSURANCE COMPANY as subrogee of JANICE GERMANO demands judgment against Defendants in an amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00), together with interest, the costs of this suit together with such other and further relief as this Court deems appropriate.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS

## BREACH OF CONTRACT

43.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs One "1" through Forty "42" as if fully set forth herein.

44.    The Agreement between Germano and Defendants constituted a contract by which Defendants expressly and/or impliedly agreed to exercise reasonable care in the handling, crating, packing, transportation, shipment, storage and/or warehousing of the Subject Paintings at the Subject Warehouse.

45.    Pursuant to the contracts, Defendants handled, crated, packed, transported and/or shipped the Subject Paintings.

46.    Pursuant to the contract, Defendants stored and/or warehoused the Subject Paintings at the Subject Warehouse.

47.    At the time Defendants took possession, custody and control of the Subject Paintings, they were in excellent condition and did not have any cracks and/or visible damage.

48.    Germano paid all of the fees billed by Defendants related to the handling, packaging, shipping, crating, transporting, warehousing and/or storage of the Subject Paintings.

49.    For the reasons set forth in Plaintiff's First and Second Causes of Action, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees breached their contractual obligation to exercise reasonable care in the handling, crating, packing, transportation, shipment, storage and/or warehousing of the Subject Paintings.

50.    For the reasons set forth in Plaintiff's First and Second Causes of Action, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees breached their contractual obligation to exercise reasonable care in safely keeping, storing warehousing and/or returning the Subject Paintings in the same condition as when they were entrusted to Defendants.

51.    As a direct result of the aforementioned breach of contract, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees, the Subject Paintings sustained the damages described in the preceding paragraphs.

52.    Germano subsequently submitted a claim to Bankers Standard seeking reimbursement for the damage and loss in value sustained by the Subject Paintings.

53.    Pursuant to the terms and conditions of the respective insurance policy, Bankers Standard reimbursed Germano a total amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00).

54.    By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Bankers Standard became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendants in this action.

**WHEREFORE**, Plaintiff, BANKERS STANDARD INSURANCE COMPANY as subrogee of JANICE GERMANO demands judgment against Defendants, in an amount in excess of One Hundred Sixty Thousand and Five Hundred Dollars ($160,500.00), together with interest, the costs of this suit together with such other and further relief as this Court deems appropriate.

Dated: New York, New York
      October 4, 2013

COZEN O'CONNOR

*Attorneys for Plaintiff, Bankers Standard*
*Insurance Company as subrogee of*
*Janice Germano*

By: _____
    Robert W. Phelan, Esq.    (RP3825)
    45 Broadway, 23rd Floor
    New York, New York 10006
    (212) 908-1274

LEGAL\15546186\1 00011.0050.000/333838.000